IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPECTRONIC DENMARK A/S, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | No. 1:08-CV-00590 (PLF) |
| ) | |
| v. ) | |
| ) | |
| JIMMI M. HANSEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR SANCTIONS

**I.      INTRODUCTION**

Defendants submit this supplemental memorandum because they have learned that Plaintiffs have filed with their sanctions opposition a "Declaration of Lene Lange Gammelgaard" that Ms. Gammelgaard has explicitly denied having any knowledge of, and that is false in several material respects. Upon learning this information, Defendants' counsel contacted Plaintiffs' counsel and gave Plaintiffs' counsel all the time he requested to investigate the matter. Plaintiffs' counsel's responses on the subject have been evasive, though Plaintiffs' counsel does not appear to dispute Ms. Gammelgaard's statement, made weeks after Plaintiffs filed a purported "Gammelgaard Declaration" in this Court, that she did not know anything about a declaration being filed in this case.

Knowing full well that Ms. Gammelgaard was not consulted prior to the submission of a declaration in her name, and also knowing that Ms. Gammelgaard does not stand behind the contents of the declaration that was filed in her name without her knowledge or consent,

Plaintiffs inexplicably have failed to take prompt action to withdraw the declaration. Plaintiffs' conduct in filing a false and unauthorized Gammelgaard declaration is but another reason why Plaintiffs should be sanctioned by the Court, as this conduct goes straight to the administration of justice in United States courts. Therefore, the Court should order Plaintiffs to reimburse Defendants for all attorney's fees and costs incurred in litigating this action, should strike the Gammelgaard declaration, and should take any other action the Court deems appropriate in addressing Plaintiffs' conduct.

## II.  FACTUAL BACKGROUND

1. On May 16, 2008, Plaintiffs filed their opposition to Defendants' Motion for Sanctions. Plaintiffs' argument that they had not misled the Court regarding the related proceedings in Denmark was supported entirely by what purported to be a declaration by Lene Lange Gammelgaard, Plaintiffs' Danish lawyer. The declaration that Plaintiffs filed, however, was not actually signed by Ms. Gammelgaard. Rather, Ms. Gammelgaard's name was merely typed in the signature block, preceded by an "/s/" annotation. The Gammelgaard declaration Plaintiffs filed also was not dated. *See* O'Connor Decl., Ex. A.

2. Upon reviewing Plaintiffs' opposition papers, Defendants' Danish counsel sent a letter to Ms. Gammelgaard threatening to file a bar complaint against Ms. Gammelgaard based on certain false and misleading aspects of the declaration that was filed in her name. In response, Ms. Gammelgaard sent Defendants' Danish counsel the following email:

> To Peter Zacher Sørensen,
>
> I received your letter of June 13, 2008.
>
> Since I don't remember offhand such a "Declaration of Lene Gammelgaard," I ask that you send me a copy of the material in question so that I can then get back to you with a position on the content of your aforementioned letter.

> Sincerely,
>
> Anders Hedetoft
>
> Lene Lange Gammelgaard

*See* O'Connor Decl., Ex. B at 2.[1]  Defendants' Danish counsel then sent a copy of the purported Gammelgaard declaration to Ms. Gammelgaard.

 3. On June 19, 2008, Ms. Gammelgaard sent the following email to Defendants' Danish counsel:

> To Peter Zacher Sørensen,
>
> I received from you by fax on June 19, 2008, a copy of what was called the "Declaration of Lene Gammelgaard."  I can inform you that the document was neither written nor approved by me!
>
> Sincerely,
>
> Lene Lange Gammelgaard

O'Connor Decl., Ex. B at 1.

 4. Upon learning that Ms. Gammelgaard had twice denied knowing anything about a supposed Gammelgaard declaration filed in this Court, Defendants notified Plaintiffs' United States counsel on Monday June 23, 2008, and stated that "[w]e intend to raise this matter with the Court promptly."  *See* O'Connor Decl., Ex. C.

 5. Plaintiffs' United States counsel responded as follows:

> Thank you for your email.  I just left messages with the client and Ms. Gammelgaard asking for them to contact me in order to clarify this matter.  Because of the time difference, I do not expect to hear from them immediately.  I ask that you forebear filing anything for a day or two until I can sort his out and call you.

O'Connor Decl., Ex. D.  Defendants agreed to this request.  O'Connor Decl., Ex. E.

---

[1] Defendants had these emails, which are in Danish, translated into English, and certified copies of the English translations are included in Exhibit B to the O'Connor Declaration.

3

6.      Two days later, on June 25, 2008, Plaintiffs' United States counsel sent Defendants' counsel an email stating as follows:

> I have contacted both Christian Moestrup [of Spectronic] and Lene Gammelgaard in connection with your e-mail of Monday June 3 [sic – should read June 23]. Although I do not know why Ms. Gammelgaard did not see the final draft which was e-filed last month, she has couriered a signed version to my office in Buffalo. My family and I remain in San Francisco on vacation for the balance of the week, but I will forward a signed copy of the declaration IMMEDIATELY upon my return to Buffalo this Sunday.
>
> Thank you again for bringing this to my attention.

O'Connor Decl., Ex. F.

7.      However, this was not a question of Ms. Gammelgaard "not see[ing] the final draft" of her declaration. Rather, Ms. Gammelgaard openly admitted, twice, that she did not know *anything* about a Gammelgaard declaration submitted in this Court. O'Connor Decl., Ex. B at 1, 2. That declaration was simply filed without her knowledge.

8.      In addition, the June 25, 2008 email from Plaintiffs' counsel creates the misleading impression that a signed version of the Gammelgaard declaration identical to that which was e-filed was sitting in Plaintiffs' counsel's office and could not be provided to Defendants' counsel simply because Plaintiffs' counsel was out of the office. However, the true facts are quite different.

9.      On Monday, June 30, 2008, Plaintiffs' counsel emailed a signed Gammelgaard declaration to undersigned counsel. *See* O'Connor Decl., Exs. G, H. That signed declaration differs from the filed declaration in important respects. In response, Defendants' counsel sent a letter to Plaintiffs' counsel on June 30, 2008 inquiring as to when Ms. Gammelgaard had actually signed the declaration that Plaintiffs' counsel was now providing. *See* O'Connor Decl., Ex. I.

10.     In response, Plaintiffs' counsel disclosed for the first time that Ms. Gammelgaard had not signed the declaration provided by Plaintiffs' counsel until Wednesday, June 25, 2008, more than a month after Plaintiffs' filed the false and unauthorized Gammelgaard declaration and two days after Defendants' counsel advised Plaintiffs' counsel that Ms. Gammelgaard denied knowing anything about a Gammelgaard declaration. O'Connor Decl., Ex. J. Thus, when Plaintiffs made their May 16, 2008 filing, and included what purported to be a Gammelgaard declaration, Ms. Gammelgaard had not signed any declaration and did not even know that Plaintiffs were planning to file a declaration in her name.

11.     The Gammelgaard declaration that Ms. Gammelgaard actually reviewed and signed on or about June 25, 2008 eliminates and corrects certain false statements in the unsigned Gammelgaard declaration that Plaintiffs filed on May 16, 2008. The deleted false statements are all highly relevant to the sanctions motion pending before the Court. In particular:

- The most important issue in Defendants' Motion for Sanctions is whether Plaintiffs misled this Court by failing to advise it that Plaintiffs had sought broad non-competition relief in the Danish proceedings and had been denied that relief in favor of a narrower prohibition on soliciting particular customers. Plaintiffs' sole evidence to counter the plain language of the court documents submitted by Defendants was the statement at Paragraph 19 of the purported Gammelgaard declaration that "[t]he bailiff's court of Randers did not deny any of the requests made by Plaintiffs during the December 7, 2007 hearing. O'Connor Decl., Ex. A at ¶ 19. This assertion was untrue, and once Plaintiffs were constrained to actually present the draft Gammelgaard declaration to Ms. Gammelgaard, she refused to swear to it. Instead that sentence is deleted from the declaration Ms. Gammelgaard signed last week. *See* O'Connor Decl.. Ex. H.

- Plaintiffs' sanctions opposition relied heavily on their claim, supported solely by the unauthorized Gammelgaard declaration, that the Danish court had not given Plaintiffs any assurance before the Danish preliminary injunction hearing that Plaintiffs' customer lists would be treated as confidential. O'Connor Decl., Ex. A at ¶ 7. The declaration that Ms. Gammelgaard actually signed on June 25 provides just the opposite, that the Randers court had provided assurances of confidentiality prior to the preliminary injunction hearing. O'Connor Decl., Ex. H at ¶ 6.

- Plaintiffs' sanctions opposition tried to smear Defendants as bad persons with unclean hands by indicating, as per the filed Gammelgaard declaration, that "[i]n the meantime, the Danish police continue their investigation into Defendants' theft of Plaintiffs' proprietary and trade secret information." O'Connor Decl., Ex. A at ¶ 21. This intimation of an active, ongoing police investigation was false and, not surprisingly, Ms. Gammelgaard refused to swear to it when actually presented with a declaration for her review. Instead, all Ms. Gammelgaard is willing to actually swear to is that "Spectronic has filed a report with the Danish police regarding the Defendants' actions." O'Connor Decl., Ex. H at ¶ 18.

12. Plaintiffs' counsel has had actual knowledge at least since June 25, 2008 (when he took action to have Ms. Gammelgaard actually review and sign a declaration) that Ms. Gammelgaard did not stand behind the filed version of the Gammelgaard declaration, that material aspects of it were false, and that the sanctions motion is fully briefed and the Court could decide the sanctions issue at any time. Nevertheless, Plaintiffs' counsel *still* has not withdrawn the false and unauthorized Gammelgaard declaration that Plaintiffs filed in May 16, 2008 although counsel has made a vague representation that corrective action would be taken.

### III. ANALYSIS

#### A. Plaintiffs' Fraud on the Court Further Justifies Sanctions

"[T]ampering with the administration of justice . . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). As a result, federal district courts have the inherent power to sanction conduct designed to thwart the truth-seeking function of the courts. *Id.* at 43-45. Indeed, courts regularly impose sanctions on litigants that submit forged or falsified documents to the court. *See, e.g.*, *Greenburg v. Roberts Properties, Ltd.*, 246 Fed. Appx. 500, 50203 (9th Cir. 2007); *Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 656 (7th Cir. 2003); *Gilmer v. Colo. Inst. of Art*, 12 Fed. Appx. 892, 896-97 (10th Cir. 2001); *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1196 (7th Cir. 1996); *Pope v. Fed. Express Corp.*, 49

F.3d 1327, 1328 (8th Cir. 1995); *Wildeman v. Ignacio*, No. 93-15297, 1993 WL 263446, at *1 (9th Cir. July 13, 1993).

Here, the undisputed facts demonstrate that Plaintiffs attempted to avoid sanctions by engaging in further sanctionable conduct. Faced with court records showing that Plaintiffs' characterization of the Danish proceedings was dishonest, Plaintiffs created a Gammelgaard declaration and filed it in Ms. Gammelgaard's name without even showing it to her. Plaintiffs' bad-faith intent in further evidenced by the fact that Plaintiffs *typed* Ms. Gammelgaard's name into the signature block of the unauthorized declaration, while the other declaration submitted by Plaintiffs' with their sanctions opposition included a physical signature from a Spectronic executive. When the issue was raised with Plaintiffs' counsel, Plaintiffs' counsel was evasive as to whether he actually possessed a signed Gammelgaard declaration, while Plaintiffs' counsel simultaneously scrambled to try to get Ms. Gammelgaard to sign some form of a declaration.

It is undisputed, however, that Plaintiffs' counsel filed a purported Gammelgaard declaration without having a signed copy of that declaration, without any indication that a signed copy would be forthcoming, and apparently without any interaction with Ms. Gammelgaard at all, as Plaintiffs' counsel needed to confer with his client to determine the true story regarding the filed Gammelgaard declaration. Moreover, even though Plaintiffs' counsel has known for some time that Ms. Gammelgaard had not authorized the filed Gammelgaard declaration and did not stand by its contents, Plaintiffs' counsel inexplicably has not taken the prompt action required under the circumstances to withdraw that declaration.

Based on Plaintiffs' conduct in filing an unauthorized and false Gammelgaard declaration, the Court should sanction Plaintiffs by requiring them to pay the attorney's fees and

expenses incurred by Defendants not only in defending against the frivolous preliminary injunction motion, but also in litigating the sanctions motion.

### B. Without the Original Gammelgaard Declaration, Plaintiffs' Sanctions Opposition Has No Support

Apart from the propriety of sanctions for Plaintiffs' having filed an unauthorized and false declaration, the elimination of the filed Gammelgaard "declaration" removed any support for Plaintiffs' arguments that they should not be sanctioned. Even if the Court were to allow Plaintiffs to withdraw the Gammelgaard declaration they filed and replace it with the declaration Ms. Gammelgaard signed last week – which would be unfair to Defendants because they have already filed their reply – just the differences between the unauthorized declaration and the signed declaration remove all of Plaintiffs' evidentiary support in opposing sanctions.

Plaintiffs argued in opposing sanctions that they had not misled the Court about the Danish proceedings, and that the Danish court had granted all relief sought by Plaintiffs. The sole support for this proposition was Paragraph 19 of the filed Gammelgaard declaration. But Ms. Gammelgaard refused to swear to that statement, and it was deleted from he declaration she actually signed. Moreover, Plaintiffs tried to explain away the Danish proceedings by claiming that the Danish court had refused to provide any assurance before the hearing that customer information would remain confidential. O'Connor Decl., Ex. A at ¶ 7. But the declaration Ms. Gammelgaard was willing to sign says just the opposite, that such assurances were in fact received before the hearing. O'Connor Decl., Ex. H at ¶ 6. Finally, to the extent the existence of an ongoing Danish criminal investigation would have had any weight with the Court, Ms. Gammelgaard excised that false statement from the declaration she was willing to sign. O'Connor Decl., Ex. H at ¶ 21. Therefore, Plaintiffs have no evidentiary support for the most important arguments made in their sanctions opposition, as Ms. Gammelgaard correctly refused

8

to swear to the lies contained in the false and unauthorized Gammelgaard "declaration" that Plaintiffs filed in this Court.

## IV.     CONCLUSION

For the foregoing reasons, the Court should award sanctions against Plaintiffs and require Plaintiffs, jointly and severally, to pay to Defendants all attorney's fees and costs incurred by Defendants in the defense of this action, should strike the false and unauthorized Gammelgaard declaration, and should take any other action the Court deems appropriate in addressing Plaintiffs' fraud.

Respectfully submitted,

/s/  John F. O'Connor
_____
Steven K. Davidson (D.D.C. Bar No. 407137)
John F. O'Connor (D.D.C. Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
sdavidson@steptoe.com
joconnor@steptoe.com

*Attorneys for Defendants*