**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SPECTRONIC DENMARK A/S, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:08-CV-00590 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMI M. HANSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DECLARATION OF JOHN F. O'CONNOR</u>**

I, John F. O'Connor, hereby declare as follows:

1.      I am a partner in the law firm of Steptoe & Johnson LLP.  I am one of the counsel of record for Defendants in this action.

2.      Attached hereto are true and correct copies of the following documents:

<u>Exhibit A</u>:      Purported Declaration of Lene Lange Gammelgaard, undated but filed on May 16, 2008

<u>Exhibit B</u>:      Emails between Peter Zacher Sørensen and Lene Lange Gammelgaard, with certified English translation thereof

<u>Exhibit C</u>:      Email dated 6/23/08 from John F. O'Connor to B. Kevin Burke

<u>Exhibit D</u>:      Email dated 6/23/08 from B. Kevin Burke to John F. O'Connor

<u>Exhibit E</u>:      Email dated 6/23/08 from John F. O'Connor to B. Kevin Burke

<u>Exhibit F</u>:      Email dated 6/25/08 from B. Kevin Burke to John F. O'Connor

<u>Exhibit G</u>:      Email dated 6/30/08 from B. Kevin Burke to John F. O'Connor

<u>Exhibit H</u>:      Declaration of Lene Lange Gammelgaard, undated but transmitted to Defendants' counsel on June 30, 2008.  Plaintiffs' counsel states that the declaration was signed on June 25, 2008.

Exhibit I:      Letter dated 6/30/08 from John F. O'Connor to B. Kevin Burke

Exhibit J:      Email dated 6/30/08 from B. Kevin Burke to John F. O'Connor

3.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 1, 2008, at Washington, D.C.

John F. O'Connor

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SPECTRONIC DENMARK A/S, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:08-CV-00590 (PLF) |
| | ) | |
| JIMMI M. HANSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF LENE LANGE GAMMELGAARD

   LENE LANGE GAMMELGAARD, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

   1.  I am an attorney admitted to practice in Denmark. I am a member of the DELACOUR law firm, counsel to plaintiffs Spectronic Denmark A/S ("Spectronic"), DTC Communications, Inc. ("DTC") and Domo, Limited ("Domo") (collectively "Plaintiffs") in an action instituted against defendants Jimmi M. Hansen ("Hansen"), Henrik Klebaek ("Klebaek"), Kent Messerschmidt ("Messerschmidt") and Covidence A/S ("Covidence") (collectively "Defendants") on July 9, 2007 in Denmark (the "Danish Action"). As such, I am fully familiar with the facts and circumstances set forth herein.

   2.  Plaintiffs commenced the Danish Action in July, 2007 alleging that the three individual defendants violated Section 1 of the Danish Marketing Practices Act. Section 1

of the Danish Marketing Practices Act requires that all business persons "shall exercise good marketing practice with reference to consumers, other traders and public interests."

3.    When Plaintiffs commenced the Danish Action in July, 2007, prior to submitting their proof, Plaintiffs' initial papers contained a request for preliminary and permanent injunctive relief enjoining Defendants from further violating Danish law by unfairly competing with Plaintiffs.

4.    In Denmark, when a party seeks preliminary injunctive relief, the matter is referred to a "bailiff's court" before proceeding to a "civil court" for a full consideration of the entire case.

5.    In the Danish Action, Plaintiffs' request for a preliminary injunction was referred to the bailiff's court of Randers. The bailiff's court of Randers did not grant the parties a hearing on the matter until December, 2007.

6.    In the interim between Plaintiffs' filing of the Danish Action in July, 2007 and the hearing in December, 2007, Plaintiffs sought assurances that all of the customer, supplier, and end-user information discussed during the hearing would remain sealed and confidential.

7.    Prior to the hearing in December, 2007, Plaintiffs did not receive such assurances and relayed this information to many of their customers and suppliers prior to the December, 2007 hearing.

8.    After learning that the hearing (and all written material produced in connection therewith) might not remain sealed or confidential, many of Plaintiffs' largest and

2

most important customers (including several government agencies in the United States) advised Plaintiffs that they preferred to conceal their identity and abstain from participating in the four day hearing to be held in December. This request was understandable given the highly secretive and confidential nature of the surveillance and security industry.

9.     Many of Spectronic's customers and suppliers, however, agreed to the use of their names and information by Spectronic in connection with the hearing.

10.     Specifically, 48 customers and seven suppliers of Plaintiffs agreed to be included in the proof at the hearing before the bailiff's court of Randers. Consequently, Plaintiffs submitted a list of 48 customers to the bailiff's court as "Bilag n.r. 1" and a list of seven suppliers as "Bilag n.r. 2" to the bailiff's court. True and accurate copies of these lists are appended hereto as **Exhibits A** and **B**, respectively.

11.     Plaintiffs requested that the bailiff's court issue a preliminary injunction enjoining Defendants from having any direct or indirect business contact with any of the 48 customers listed in **Exhibit A**.

12.     Plaintiffs further requested that the bailiff's court enjoin the Defendants from having any contact with the seven suppliers listed in **Exhibit B**.

13.     Plaintiffs did not identify any other customers or suppliers to the bailiff's court and did not request an injunction against customers or suppliers not identified in **Exhibits A** and **B**.

14.    After a four day hearing in December, 2007, the bailiff's court granted Plaintiffs' request in its entirety and enjoined Plaintiffs from working with any of the entities identified in the only two lists provided to the bailiff's court by Plaintiffs.

15.    Specifically, the court enjoined Defendants from doing any business, directly or indirectly with the following customers: Adaptive Digital Systems; Andyteh Concept Srl; ATEK Pty Ltd.; Audio and Acoustics; Avex B. V.; Baewoon Company Ltd.; Beling d.o.o., Elect Eng.; Brimfek Inc.; BSS PREKYBA, UAB ; Carinex Ltd.; Colvista Ltda.; Comercializadora White; DTC Communications, Inc.; Dyplex Communications Ltd.; Excellence Tech; FGH Security; Findme Solutions; Fotovideo De Colombia S.A.; Frassini company BVBA; G&R Ltd.; Gamma TSE Ltd.; Gans & Pugh Associates Inc.; Gecomse s.a.; Griff Comm Ltd; GS VBS; C Technologie; Komcentra s.r.o; LongHope Anhua Police; Manifest Marketing Ltd.; Mass International Ltd ; Metco; Microtec Sicherheitstech. GmbH; MIS; Moseco; MOTEC Sdn. Bhd.; New Springs Co., LTD; Parinto cc; PAZ Logistics Ltd.; PT Satria Jaya Abadi; RA.SE.T s.r.l.; Raytheon; SAGA D.O.O.; Shanghai Unitech Ltd.; ST Electronics; VASTech; Viper (Thai) Co. Ltd.; Wonda Group (Asia) Limited; Xlefeng Technology Co. Ltd.; and XTEK LTD.

16.    Seven of the above listed 48 customers are American companies with actual brick-and-mortar physical presences in the United States, including: Adaptive Digital Systems (20322 South West Acadia, Newport Beach, California 92660); Brimtek Inc. (43720 Trade Center Place, Suite 60, Dulles, Virginia 20166); Comercializadora White (172 Lynn Loop, Laredo, Texas 78045); DTC Communications, Inc. (486 Amherst Street, Nashua, New Hampshire 03063); Gans & Pugh Associates Inc. (690 Center Street, Suite 201, Herndon, Virginia 20170); and Raytheon (7700 Arlington Boulevard, Falls Church, Virginia 22042).

4

17.    The bailiff's court further enjoined Defendants from "working with," either "directly or indirectly," the following suppliers of Spectronic: QM-tech maskinfabrik Apsl; Elsy spol s r.o.; Jiri Kremar; ETK Electronik A/S; MiTek Electronics; Michael G. Mosevangen; GPV Danprint A/S; and Homatic A/S.

18.    Additional customers and suppliers would have been added to these lists; however, since many of Plaintiffs' customers wished to remain anonymous during these proceedings, Plaintiffs did not submit their names to the bailiff's court for consideration in December, 2007. The January 8, 2008 decision of the bailiff's court of Randers specifically recognizes this fact and states: "[P]laintiffs have chosen not to name such customers to protect their privacy." Consequently, these customers were not listed as part of Appendices 1 and 2 to the January 8 decision. A true and accurate certified translation of the relevant portion of the court's decision adopting and incorporating **Exhibits A** and **B** is appended hereto as **Exhibit C.**

19.    The bailiff's court of Randers did not deny any of the requests made by Plaintiffs during the December 7, 2007 hearing.

20.    The Danish Action now proceeds to a civil court for a "confirmatory action" where Plaintiffs intend to seek even broader relief on a more permanent basis following the conclusion of expedited discovery in this matter.

21.    In the meantime, the Danish police continue their investigation into Defendants' theft of Plaintiffs' proprietary and trade secret information. A true and accurate summary of the Danish proceedings prepared my law firm is appended hereto **Exhibit D.**

5

/s/   Lene Lange Gammelgaard

_____

Lene Lange Gammelgaard

861167v1

# Exhibit B



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Rika Honda, hereby certify that the following is, to the best of my
knowledge and belief, a true and accurate translation of the accompanying
document from Danish into English.

_____
Rika Honda

Sworn to before me this

June 23, 2008

_____
Signature, Notary Public

Anne K Shreiner
Notary Public, State of New York
No. 01SH6181400
Qualified in NEW YORK County
Commission Expires Jan 28, 2012

_____
Stamp, Notary Public
State of New York

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM

**Peter Z. Sørensen**

| | |
|---|---|
| **From:** | Lene Lange Gammelgaard [llg@delacour.dk] |
| **Sent:** | June 20, 2008 11:45 a.m. |
| **To:** | Peter Z. Sørensen |
| **Cc:** | Anne-Marie Hansen; Sanela Lulic |
| **Subject:** | RE: Spectronic Denmark A/S ctr. Jimmi Møgelvang Hansen, et al. – Your case number 25-14905 |

[see source for English]

To Peter Zacher Sørensen,

I received from you by fax on June 19, 2008, a copy of what was called the "Declaration of Lene Gammelgaard." I can inform you that the document was neither written nor approved by me!

Sincerely,

Lene Lange Gammelgaard

[see source for English]

Lene Lange Gammelgaard
Attorney-at-law

| | |
|---|---|
| Fixed | +45 8732 7390 |
| Cell | +45 2961 7580 |

[see source for English]
Law Firm
Århus | Copenhagen

| | |
|---|---|
| Telephone | +45 7011 1122 |
| Fax | +45 7011 1133 |

Lille Torv 6
DK-8000 Århus C

| | |
|---|---|
| From: | Sanela Lulic On behalf of Lene Lange Gammelgaard |
| Sent: | June 17, 2008 1:59 p.m. |
| To: | 'pzs@zacher-andersen.dk' |
| Cc: | 'ah@zacher-andersen.dk'; Lene Lange Gammelgaard |
| Subject: | Spectronic Denmark A/S ctr. Jimmi Møgelvang Hansen, et al. – Your case number 25-14905 |
| Priority: | High |

1

To Peter Zacher Sørensen,

I received your letter of June 13, 2008.

Since I don't remember offhand such a "Declaration of Lene Gammelgaard," I ask that you send me a copy of the material in question so that I can then get back to you with a position on the content of your aforementioned letter.

Sincerely,
Anders Hedetoft

Lene Lange Gammelgaard

www.delacour.dk

[image]
Image001.jpg

Lene Lange Gammelgaard
Attorney-at-law

Fixed          +45 8732 7390
Cell           +45 2961 7580
llg@delacour.dk

        < >
        DELACOUR
Law Firm
        [image]
        Image002.jpg

Århus          | Copenhagen

Telephone      +45 7011 1122
Fax            +45 7011 1133
Lille Torv 6
DK-8000 Århus C

2

**Peter Z. Sørensen**

| | |
|---|---|
| **Fra:** | Lene Lange Gammelgaard [llg@delacour.dk] |
| **Sendt:** | 20. juni 2008 11.45 |
| **Til:** | Peter Z. Sørensen |
| **Cc:** | Anne-Marie Hansen; Sanela Lulic |
| **Emne:** | SV. Spectronic Denmark A/S ctr. Jimmi Møgelvang Hansen m.fl. - Dit j.nr. 25-14905 |

```
#################################################################
####
Panda Security for Desktops warning.

The file AE21E251D3FE4B08BA2B8516245B3478.ashx was potentially dangerous
and was moved to quarantine.
#################################################################
####
#################################################################
####
Panda Security for Desktops warning:

The file C69C172456AD47FA846631910C34D79A.ashx was potentially dangerous
and was moved to quarantine
#################################################################
####
Til Peter Zacher Sørensen,

Ved telefax af 19. juni 2008 har jeg fra Dem modtaget kopi af den
såkaldte "Declaration of Lene Gammelgaard" Jeg kan oplyse, at
dokumentet hverken er forfattet eller tiltrådt af mig'


Med venlig hilsen

Lene Lange Gammelgaard


<outbind://27/http://www.delacour.dk/-/media/AE21E251D3FE4B08BA2B8516245
B3478.ashx>
www.delacour.dk

Lene Lange Gammelgaard
Advokat


D +45 8732 7390
M +45 2961 7580
llg@delacour.dk
<outbind://27/http://www.delacour.dk/-/media/C69C172456AD47FA846631910C3
4D79A.ashx>          DELACOUR
Advokatfirma
Århus | København


T +45 7011 1122
F +45 7011 1133
Lille Torv 6
DK-8000 Århus C


_____

Fra: Sanela Lulic På vegne af Lene Lange Gammelgaard
Sendt: 17. juni 2008 13.59
Til: 'pzs@zacher-andersen.dk'
Cc: 'ah@zacher-andersen.dk'; Lene Lange Gammelgaard
Emne: Spectronic Denmark A/S ctr. Jimmi Møgelvang Hansen m.fl. - Dit
j.nr. 25-14905
Prioritet: Høj
```

20/06/2008  12:01     86327031                    ZACHER&ANDESEN                 SIDE  32/02

Til Peter Zacher Sørensen,

Jeg har modtaget Deres brev af 13  juni 2008.

Idet jeg ikke umiddelbart erindrer en sådan "Declaration of Lene
Gammelgaard", beder jeg Dem sende en kopi af det pågældende materiale
med henblik at jeg herefter kan vende tilbage overfor Dem med en
stillingtagen til indholdet af Deres førnævnte brev

Med venlig hilsen
Anders Hedetoft

Lene Lange Gammelgaard

www.delacour.dk


image001.jpg

Lene Lange Gammelgaard
Advokat

D +45 8732 7390
M +45 2961 7580
llg@delacour.dk

          < >

     DELACOUR
Advokatfirma

     image002.jpg

Århus          | København

T +45 7011 1122
F +45 7011 1133
Lille Torv 6
DK-8000 Århus C

2

# Exhibit C

**O'Connor, John**

| | |
|---|---|
| **From:** | O'Connor, John |
| **Sent:** | Monday, June 23, 2008 1:34 PM |
| **To:** | 'B. Kevin Burke, Jr.' |
| **Cc:** | mmcmanus@McKoolSmith.com |
| **Subject:** | Spectronic v. Covidence |
| **Attachments:** | DOC.PDF |

Kevin:

We have received from our clients the attached email from Spectronic's Danish lawyer, Lene Gammelgaard, in which he denies having written or approved the declaration that Plaintiffs filed in Mr. Gammelgaard's name in connection with Plaintiffs' opposition to Defendants' sanctions motion. We took the liberty of having the email translated, and the translation is attached. We intend to raise this matter with the Court promptly.

Respectfully,
John O'Connor

cc: Michael McManus

# Exhibit D

**O'Connor, John**

| | |
|---|---|
| **From:** | B. Kevin Burke, Jr. [kburke@jaeckle.com] |
| **Sent:** | Monday, June 23, 2008 2:28 PM |
| **To:** | O'Connor, John |
| **Cc:** | mmcmanus@mckoolsmith.com |
| **Subject:** | RE: Spectronic v. Covidence |

John:

Thank you for your e-mail.  I just left messages with the client and Ms. Gammelgard asking
for them to contact me in order to clarify this matter.  Because of the time difference, I
do not expect to hear from them immediately.  I ask that you forebear filing anything for
a day or two until I can sort this out and call you.

Thank you.

Kevin

B. Kevin Burke, Jr.
Partner
Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
kburke@jaeckle.com
Direct Dial Number:  716.843.3854
Fax Number:  716.856.0432

Jaeckle Fleischmann & Mugel, LLP is a multi-service law

 -----Original Message-----
From:      O'Connor, John [mailto:joconnor@steptoe.com]
Sent: Monday, June 23, 2008 01:35 PM Eastern Standard Time
To:  B. Kevin Burke, Jr.
Cc:  mmcmanus@McKoolSmith.com
Subject:   Spectronic v. Covidence

Kevin:

We have received from our clients the attached email from Spectronic's Danish lawyer, Lene
Gammelgaard, in which he denies having written or approved the declaration that Plaintiffs
filed in Mr. Gammelgaard's name in connection with Plaintiffs' opposition to Defendants'
sanctions motion.  We took the liberty of having the email translated, and the translation
is attached.  We intend to raise this matter with the Court promptly.

Respectfully,
John O'Connor

cc: Michael McManus

# Exhibit E

**O'Connor, John**

---

**From:**           O'Connor, John
**Sent:**           Monday, June 23, 2008 2:49 PM
**To:**             'B. Kevin Burke, Jr.'
**Cc:**             mmcmanus@mckoolsmith.com
**Subject:**        RE: Spectronic v. Covidence


As requested, we won't file anything before Wednesday afternoon.

-----Original Message-----
From: B. Kevin Burke, Jr. [mailto:kburke@jaeckle.com]
Sent: Monday, June 23, 2008 2:28 PM
To: O'Connor, John
Cc: mmcmanus@mckoolsmith.com
Subject: RE: Spectronic v. Covidence

John:

Thank you for your e-mail.  I just left messages with the client and Ms. Gammelgard asking
for them to contact me in order to clarify this matter.  Because of the time difference, I
do not expect to hear from them immediately.  I ask that you forebear filing anything for
a day or two until I can sort this out and call you.

Thank you.

Kevin

B. Kevin Burke, Jr.
Partner
Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York   14202-2292
kburke@jaeckle.com
Direct Dial Number:  716.843.3854
Fax Number:  716.856.0432

Jaeckle Fleischmann & Mugel, LLP is a multi-service law

 -----Original Message-----
From:       O'Connor, John [mailto:joconnor@steptoe.com]
Sent: Monday, June 23, 2008 01:35 PM Eastern Standard Time
To:    B. Kevin Burke, Jr.
Cc:    mmcmanus@McKoolSmith.com
Subject:    Spectronic v. Covidence

Kevin:

We have received from our clients the attached email from Spectronic's Danish lawyer, Lene
Gammelgaard, in which he denies having written or approved the declaration that Plaintiffs
filed in Mr. Gammelgaard's name in connection with Plaintiffs' opposition to Defendants'
sanctions motion.  We took the liberty of having the email translated, and the translation
is attached.  We intend to raise this matter with the Court promptly.

Respectfully,
John O'Connor

cc: Michael McManus

# Exhibit F

**O'Connor, John**

| | |
|---|---|
| **From:** | B. Kevin Burke, Jr. [kburke@jaeckle.com] |
| **Sent:** | Wednesday, June 25, 2008 10:36 AM |
| **To:** | O'Connor, John |
| **Subject:** | RE: Spectronic v. Covidence |

| | |
|---|---|
| **Importance:** | High |

John,

I have contacted both Christian Moestrup and Lene Gammelgaard in connection with your e-mail of Monday, June 3.  Although I do not know why Ms. Gammelgaard did not see the final draft which was e-filed last month, she has couriered a signed version to my office in Buffalo.   My family and I remain in San Francisco on vacation for the balance of the week, but I will forward a signed copy of the declaration IMMEDIATELY upon my return to Buffalo this Sunday.

Thank you once again for bringing this to my attention.

Regards,

Kevin

B. Kevin Burke, Jr.
Partner
Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York   14202-2292
kburke@jaeckle.com
Direct Dial Number:  716.843.3854
Fax Number:  716.856.0432

Jaeckle Fleischmann & Mugel, LLP is a multi-service law

  -----Original Message-----
From:        O'Connor, John [mailto:joconnor@steptoe.com]
Sent: Monday, June 23, 2008 02:49 PM Eastern Standard Time
To:   B. Kevin Burke, Jr.
Cc:   mmcmanus@mckoolsmith.com
Subject:   RE: Spectronic v. Covidence

As requested, we won't file anything before Wednesday afternoon.

  -----Original Message-----
From: B. Kevin Burke, Jr. [mailto:kburke@jaeckle.com]
Sent: Monday, June 23, 2008 2:28 PM
To: O'Connor, John
Cc: mmcmanus@mckoolsmith.com
Subject: RE: Spectronic v. Covidence

John:

Thank you for your e-mail.  I just left messages with the client and Ms. Gammelgard asking for them to contact me in order to clarify this matter.  Because of the time difference, I do not expect to hear from them immediately.  I ask that you forebear filing anything for a day or two until I can sort this out and call you.

Thank you.

Kevin

B. Kevin Burke, Jr.
Partner

Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York   14202-2292
kburke@jaeckle.com
Direct Dial Number:  716.843.3854
Fax Number:  716.856.0432

Jaeckle Fleischmann & Mugel, LLP is a multi-service law

 -----Original Message-----
From:      O'Connor, John [mailto:joconnor@steptoe.com]
Sent: Monday, June 23, 2008 01:35 PM Eastern Standard Time
To:   B. Kevin Burke, Jr.
Cc:   mmcmanus@McKoolSmith.com
Subject:   Spectronic v. Covidence

Kevin:

We have received from our clients the attached email from Spectronic's Danish lawyer, Lene
Gammelgaard, in which he denies having written or approved the declaration that Plaintiffs
filed in Mr. Gammelgaard's name in connection with Plaintiffs' opposition to Defendants'
sanctions motion.  We took the liberty of having the email translated, and the translation
is attached.  We intend to raise this matter with the Court promptly.

Respectfully,
John O'Connor

cc: Michael McManus

# Exhibit G

## O'Connor, John

| | |
|---|---|
| **From:** | B. Kevin Burke, Jr. [kburke@jaeckle.com] |
| **Sent:** | Monday, June 30, 2008 11:53 AM |
| **To:** | O'Connor, John |
| **Subject:** | FW: Spectronic, et al. v. Hansen, et al. |
| **Attachments:** | Gammelgaard Declaration.pdf |

John,

Please find attached a scanned copy of the the signed Declaration of Lene Lange Gammelgaard.  Thank you for your patience last week while I was traveling.

Best regards,

Kevin

---

**From:** Janice M. Moore
**Sent:** Monday, June 30, 2008 11:46 AM
**To:** B. Kevin Burke, Jr.
**Subject:** Spectronic, et al. v. Hansen, et al.

Janice M. Moore
Secretary to Joseph W. Allen & B. Kevin Burke Jr.
Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
jmoore@jaeckle.com
Direct Dial Number:  716.843.3873
Fax Number:  716.856.0432

Jaeckle Fleischmann & Mugel, LLP is a multi-service law firm.  For more information on our practice areas and attorneys, visit www.jaeckle.com.

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited.  If you received this in error, please contact the sender and delete the material from any computer.

# Exhibit H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SPECTRONIC DENMARK A/S, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| JIMMI M. HANSEN, *et al.*, | ) ) |
| Defendants. | ) ) |

No. 1:08-CV-00590 (PLF)

## DECLARATION OF LENE LANGE GAMMELGAARD

LENE LANGE GAMMELGAARD declares the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

1.      I am an attorney admitted to practice in Denmark. I am a member of the DELACOUR law firm, counsel to plaintiffs Spectronic Denmark A/S ("Spectronic"), DTC Communications, Inc. ("DTC") and Domo, Limited ("Domo") (collectively "Plaintiffs") in an action instituted against defendants Jimmi M. Hansen ("Hansen"), Henrik Klebaek ("Klebaek"), Kent Messerschmidt ("Messerschmidt") and Covidence A/S ("Covidence") (collectively "Defendants") on July 9, 2007 in Denmark (the "Danish Action"). As such, I am fully familiar with the facts and circumstances set forth herein.

2.      Plaintiffs commenced the Danish Action in July, 2007 alleging that the three individual defendants violated Section 1 of the Danish Marketing Practices Act. Section 1 of the Danish Marketing Practices Act requires that all business persons "shall exercise good marketing practice with reference to consumers, other traders and public interests."

3.      When Plaintiffs commenced the Danish Action in July, 2007, prior to submitting their proof, Plaintiffs' initial papers contained a request for preliminary and permanent injunctive relief enjoining Defendants from further violating Danish law by unfairly competing with Plaintiffs.

4.      In Denmark, when a party seeks preliminary injunctive relief, the matter is referred to a "bailiff's court" before proceeding to a "civil court" for a full consideration of the entire case.

5.      In the Danish Action, Plaintiffs' request for a preliminary injunction was referred to the bailiff's court of Randers. The bailiff's court of Randers did not grant the parties a hearing on the matter until December, 2007.

6.      In the interim between Plaintiffs' filing of the Danish Action in July, 2007 and the hearing in December, 2007, Plaintiffs sought assurances that all of the customer, supplier, and end-user information discussed during the hearing would remain sealed and confidential. Not until 29 November 2007, only few days prior to the hearing in the beginning of December, 2007, Plaintiffs received such assurances from the bailiff's court.

7.      After learning that the hearing (and all written material produced in connection therewith) might not remain sealed or confidential, many of Plaintiffs' largest and most important customers (including several government agencies in the United States) advised Plaintiffs that they preferred to conceal their identity and abstain from participating in the four day hearing to be held in December. This request was understandable given the highly secretive and confidential nature of the surveillance and security industry.

2

8.    Many of Spectronic's customers and suppliers, however, agreed to the use of their names and information by Spectronic in connection with the hearing.

9.    Specifically, 48 customers and seven suppliers of Plaintiffs agreed to be included in the proof at the hearing before the bailiff's court of Randers. Consequently, Plaintiffs submitted a list of 48 customers to the bailiff's court as "Bilag n.r. 1" and a list of seven suppliers as "Bilag n.r. 2" to the bailiff's court. True and accurate copies of these lists are appended hereto as **Exhibits A** and **B**, respectively.

10.    Plaintiffs requested that the bailiff's court issue a preliminary injunction enjoining Defendants from having any direct or indirect business contact with any of the 48 customers listed in **Exhibit A**.

11.    Plaintiffs further requested that the bailiff's court enjoin the Defendants from having any contact with the seven suppliers listed in **Exhibit B**.

12.    After a four day hearing in December, 2007, the bailiff's court granted Plaintiffs' request in its entirety and enjoined Plaintiffs from working with any of the entities identified in the only two lists provided to the bailiff's court by Plaintiffs.

13.    Specifically, the court enjoined Defendants from doing any business, directly or indirectly with the following customers: Adaptive Digital Systems; Andyteh Concept Srl; ATEK Pty Ltd.; Audio and Acoustics; Avex B. V.; Baewoon Company Ltd.; Beling d.o.o., Elect Eng.; Brimtek Inc.; BSS PREKYBA, UAB; Carinex Ltd.; Colvista Ltda.; Comercializadora White; DTC Communications, Inc.; Dyplex Communications Ltd.; Excellence Tech; FGH Security; Findme Solutions; Fotovideo De Colombia S.A.; Frassini company BVBA; G&R Ltd.;

3

Gamma TSE Ltd.; Gans & Pugh Associates Inc.; Gecomse s.a.; Griff Comm Ltd.; GS VBS; C

Technologie; Komcentra s.r.o.; LongHope Anhua Police; Manifest Marketing Ltd.; Mass

International Ltd; Metco; Microtec Sicherheitstech. GmbH; MIS; Moseco; MOTEC Sdn. Bhd.;

New Springs Co., LTD; Parinto cc; PAZ Logistics Ltd.; PT Satria Jaya Abadi; RA.SE.T s.r.l;

Raytheon; SAGA D.O.O.; Shanghai Unitech Ltd.; ST Electronics; VASTech; Viper (Thai) Co.

Ltd.; Wonda Group (Asia) Limited; Xlefeng Technology Co. Ltd.; and XTEK LTD.

      14.    Seven of the above listed 48 customers are American companies with

actual brick-and-mortar physical presences in the United States, including:  Adaptive Digital

Systems (20322 South West Acadia, Newport Beach, California 92660); Brimtek Inc. (43720

Trade Center Place, Suite 60, Dulles, Virginia 20166); Comercializadora White (172 Lynn Loop,

Laredo, Texas 78045); DTC Communications, Inc. (486 Amherst Street, Nashua, New

Hampshire 03063); Gans & Pugh Associates Inc. (690 Center Street, Suite 201, Herndon,

Virginia 20170); and Raytheon (7700 Arlington Boulevard, Falls Church, Virginia 22042).

      15.    The bailiff's court further enjoined Defendants from "working with," either

"directly or indirectly," the following suppliers of Spectronic:  QM-tech maskinfabrik Apsl; Elsy

spol s.r.o.; Jiri Kremar; ETK Electronik A/S; MiTek Electronics; Michael G. Mosevangen; GPV

Danprint A/S; and Homatic A/S.

      16.    Additional customers and suppliers would have been added to these lists;

however, since many of Plaintiffs' customers wished to remain anonymous during these

proceedings, Plaintiffs did not submit their names to the bailiff's court for consideration in

December, 2007.  The January 8, 2008 decision of the bailiff's court of Randers specifically

recognizes this fact and states:  "[P]laintiffs have chosen not to name such customers to protect

their privacy." Consequently, these customers were not listed as part of Appendices 1 and 2 to the January 8 decision. A true and accurate certified translation of the relevant portion of the court's decision adopting and incorporating **Exhibits A** and **B** is appended hereto as **Exhibit C**.

17.    The Danish Action now proceeds to a civil court for a "confirmatory action" where Plaintiffs intend to seek even broader relief on a more permanent basis following the conclusion of expedited discovery in this matter.

18.    Spectronic has filed a report with the Danish police regarding the Defendants' actions. A true and accurate summary of the Danish proceedings prepared by my law firm is appended hereto as **Exhibit D**.

Lene Lange Gammelgaard

864094

5

# Exhibit I

STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

John F. O'Connor
202.429.8095
joconnor@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

June 30, 2008

**BY ELECTRONIC MAIL**

B. Kevin Burke, Esq.
Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York 14202-2292

Re:    **Spectronic v. Covidence**

Dear Kevin:

We have reviewed the signed copy of the Gammelgaard declaration that you emailed to me today. We note that the signed version of the Gammelgaard declaration is in important respects different from the purported Gammelgaard declaration that your clients filed in opposition to Defendants' Motion for Sanctions. We have attached a copy of each hereto as Exhibits 1 and 2. We also note that neither the signed Gammelgaard declaration you sent us today nor the unsigned Gammelgaard declaration you filed with the Court are dated. So that we can determine how best to proceed, we ask that you promptly advise us of the following:

1.    What date did Ms. Gammelgaard sign the declaration that you emailed to us today? It is unclear to us from the disclosures Plaintiffs have made whether Ms. Gammelgaard signed the declaration you emailed me today before or after the unsigned version was filed in her name.

2.    You previously indicated that Ms. Gammelgaard had couriered a signed declaration to your office. When did your office receive the signed Gammelgaard declaration that you emailed to me today?

3.    Which declaration (if either) does Ms. Gammelgaard currently stand behind? We presume it is the signed version that you emailed to me today and not the unsigned version that has been submitted to the Court for its consideration. Please confirm that we are correct in this regard.

B. Kevin Burke, Esq.
June 30, 2008
Page 2


We note that time is of the essence because the Court currently has before it a purported declaration that we presume the witness does not stand behind.  Therefore, we look forward to your prompt responses.

Very truly yours,

John F. O'Connor

cc:  Michael McManus, Esq.

# Exhibit J

## O'Connor, John

| | |
|---|---|
| **From:** | B. Kevin Burke, Jr. [kburke@jaeckle.com] |
| **Sent:** | Monday, June 30, 2008 4:16 PM |
| **To:** | O'Connor, John |
| **Cc:** | mmcmanus@mckoolsmith.com |
| **Subject:** | RE: Spectronic v. Covidence |

John,

Ms. Gammelgaard signed the declaration that we e-mailed today on June 25. That declaration was couriered to my office on June 25. Ms. Gammelgaard stands behind the signed version of her declaration. I intend to submit the signed version to the Court at once.

Best regards,

Kevin


B. Kevin Burke, Jr.
Partner
Jaeckle Fleischmann & Mugel, LLP
12 Fountain Plaza
Buffalo, New York  14202-2292
kburke@jaeckle.com
Direct Dial Number:  716.843.3854
Fax Number:  716.856.0432

Jaeckle Fleischmann & Mugel, LLP is a multi-service law firm.  For more information on our practice areas and attorneys, visit www.jaeckle.com.

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited.  If you received this in error, please contact the sender and delete the material from any computer.

---

**From:** O'Connor, John [mailto:joconnor@steptoe.com]
**Sent:** Monday, June 30, 2008 3:53 PM
**To:** B. Kevin Burke, Jr.
**Cc:** mmcmanus@mckoolsmith.com
**Subject:** Spectronic v. Covidence

Kevin:

Please see the attached correspondence.

Best regards,
John O'Connor

6/30/2008