IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPECTRONIC DENMARK A/S, )
DTC COMMUNICATIONS, INC., and )
DOMO, LTD, )
 )
          Plaintiffs, )
 )
v. )    Civil Action No. 08-CV-590 (PLF)
 )
 )    **AFFIDAVIT OF**
JIMMI M. HANSEN, Individually, )    **CHRISTIAN T. MOESTRUP**
HENRIK KLEBAEK, Individually, and )
KENT MESSERSCHMIDT, Individually, )
COVIDENCE A/S, )
 )
          Defendants. )

**CHRISTIAN T. MOESTRUP**, being duly sworn, deposes as follows:

1. I am a Project Manager with Plaintiff Spectronic Denmark A/S ("Spectronic"), one of the plaintiffs in the above-captioned action, and, as such, I am fully familiar with the facts and circumstances set forth herein.

2. Both immediately prior to the hearing held before this Court on April 22, 2008 and following that appearance, I discussed the status of the action currently pending in Denmark between Spectronic and Defendants Hansen, Klebaek, Messerschmidt and Covidence with Spectronic's American counsel B. Kevin Burke, Jr. Both before and after the April 22, 2008 hearing, Mr. Burke advised me that Covidence had accused Spectronic of exaggerating the scope of a preliminary injunction issued on or about January 7, 2008 by the Bailiff's Court of

Randers in Denmark. As I advised Mr. Burke in April and again in May, Spectronic has not misled this Court as to the status of the Danish preliminary injunction.

3.   During the course of preparing and reviewing documents to submit to this Court last month, Mr. Burke and others at Spectronic, including Spectronic's Danish attorney Lene Lange Gammelgaard, exchanged written and telephonic correspondence with one another concerning Covidence's charges that intentionally misled this Court concerning the status of the action in Denmark. Subsequent to these exchanges, on May 16, 2008, Spectronic filed, *inter alia*, the Declaration of Lene Lange Gammelgaard at Docket Number 20, Attachment Number 3. A copy of that document is attached hereto as **Exhibit 1**. Unfortunately, the correct draft of the document that should have been, but was not, filed with the Court is attached hereto as **Exhibit 2**.

4.   Spectronic respectfully requests the Court to disregard the incorrectly filed document at Docket Number 20, Attachment Number 3 (Exhibit 1, hereto), in favor of the document appended hereto as Exhibit 2.

_____
CHRISTIAN T. MØESTRUP

Sworn to before me this
_1_ day of _July_, 2008.

Notary Public

2

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPECTRONIC DENMARK A/S, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JIMMI M. HANSEN, *et al.*, <br><br> Defendants. | No. 1:08-CV-00590 (PLF) |

## DECLARATION OF LENE LANGE GAMMELGAARD

LENE LANGE GAMMELGAARD, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am an attorney admitted to practice in Denmark. I am a member of the DELACOUR law firm, counsel to plaintiffs Spectronic Denmark A/S ("Spectronic"), DTC Communications, Inc. ("DTC") and Domo, Limited ("Domo") (collectively "Plaintiffs") in an action instituted against defendants Jimmi M. Hansen ("Hansen"), Henrik Klebaek ("Klebaek"), Kent Messerschmidt ("Messerschmidt") and Covidence A/S ("Covidence") (collectively "Defendants") on July 9, 2007 in Denmark (the "Danish Action"). As such, I am fully familiar with the facts and circumstances set forth herein.

2. Plaintiffs commenced the Danish Action in July, 2007 alleging that the three individual defendants violated Section 1 of the Danish Marketing Practices Act. Section 1

of the Danish Marketing Practices Act requires that all business persons "shall exercise good marketing practice with reference to consumers, other traders and public interests."

3. When Plaintiffs commenced the Danish Action in July, 2007, prior to submitting their proof, Plaintiffs' initial papers contained a request for preliminary and permanent injunctive relief enjoining Defendants from further violating Danish law by unfairly competing with Plaintiffs.

4. In Denmark, when a party seeks preliminary injunctive relief, the matter is referred to a "bailiff's court" before proceeding to a "civil court" for a full consideration of the entire case.

5. In the Danish Action, Plaintiffs' request for a preliminary injunction was referred to the bailiff's court of Randers. The bailiff's court of Randers did not grant the parties a hearing on the matter until December, 2007.

6. In the interim between Plaintiffs' filing of the Danish Action in July, 2007 and the hearing in December, 2007, Plaintiffs sought assurances that all of the customer, supplier, and end-user information discussed during the hearing would remain sealed and confidential.

7. Prior to the hearing in December, 2007, Plaintiffs did not receive such assurances and relayed this information to many of their customers and suppliers prior to the December, 2007 hearing.

8. After learning that the hearing (and all written material produced in connection therewith) might not remain sealed or confidential, many of Plaintiffs' largest and

2

most important customers (including several government agencies in the United States) advised Plaintiffs that they preferred to conceal their identity and abstain from participating in the four day hearing to be held in December. This request was understandable given the highly secretive and confidential nature of the surveillance and security industry.

9. Many of Spectronic's customers and suppliers, however, agreed to the use of their names and information by Spectronic in connection with the hearing.

10. Specifically, 48 customers and seven suppliers of Plaintiffs agreed to be included in the proof at the hearing before the bailiff's court of Randers. Consequently, Plaintiffs submitted a list of 48 customers to the bailiff's court as "Bilag n.r. 1" and a list of seven suppliers as "Bilag n.r. 2" to the bailiff's court. True and accurate copies of these lists are appended hereto as **Exhibits A** and **B**, respectively.

11. Plaintiffs requested that the bailiff's court issue a preliminary injunction enjoining Defendants from having any direct or indirect business contact with any of the 48 customers listed in **Exhibit A**.

12. Plaintiffs further requested that the bailiff's court enjoin the Defendants from having any contact with the seven suppliers listed in **Exhibit B**.

13. Plaintiffs did not identify any other customers or suppliers to the bailiff's court and did not request an injunction against customers or suppliers not identified in **Exhibits A** and **B**.

3

14. After a four day hearing in December, 2007, the bailiff's court granted Plaintiffs' request in its entirety and enjoined Plaintiffs from working with any of the entities identified in the only two lists provided to the bailiff's court by Plaintiffs.

15. Specifically, the court enjoined Defendants from doing any business, directly or indirectly with the following customers: Adaptive Digital Systems; Andyteh Concept Srl; ATEK Pty Ltd.; Audio and Acoustics; Avex B. V.; Baewoon Company Ltd.; Beling d.o.o., Elect Eng.; Brimfek Inc.; BSS PREKYBA, UAB ; Carinex Ltd.; Colvista Ltda.; Comercializadora White; DTC Communications, Inc.; Dyplex Communications Ltd.; Excellence Tech; FGH Security; Findme Solutions; Fotovideo De Colombia S.A.; Frassini company BVBA; G&R Ltd.; Gamma TSE Ltd.; Gans & Pugh Associates Inc.; Gecomse s.a.; Griff Comm Ltd; GS VBS; C Technologie; Komcentra s.r.o; LongHope Anhua Police; Manifest Marketing Ltd.; Mass International Ltd ; Metco; Microtec Sicherheitstech. GmbH; MIS; Moseco; MOTEC Sdn. Bhd.; New Springs Co., LTD; Parinto cc; PAZ Logistics Ltd.; PT Satria Jaya Abadi; RA.SE.T s.r.l.; Raytheon; SAGA D.O.O.; Shanghai Unitech Ltd.; ST Electronics; VASTech; Viper (Thai) Co. Ltd.; Wonda Group (Asia) Limited; Xlefeng Technology Co. Ltd.; and XTEK LTD.

16. Seven of the above listed 48 customers are American companies with actual brick-and-mortar physical presences in the United States, including: Adaptive Digital Systems (20322 South West Acadia, Newport Beach, California 92660); Brimtek Inc. (43720 Trade Center Place, Suite 60, Dulles, Virginia 20166); Comercializadora White (172 Lynn Loop, Laredo, Texas 78045); DTC Communications, Inc. (486 Amherst Street, Nashua, New Hampshire 03063); Gans & Pugh Associates Inc. (690 Center Street, Suite 201, Herndon, Virginia 20170); and Raytheon (7700 Arlington Boulevard, Falls Church, Virginia 22042).

17. The bailiff's court further enjoined Defendants from "working with," either "directly or indirectly," the following suppliers of Spectronic: QM-tech maskinfabrik Apsl; Elsy spol s r.o.; Jiri Kremar; ETK Electronik A/S; MiTek Electronics; Michael G. Mosevangen; GPV Danprint A/S; and Homatic A/S.

18. Additional customers and suppliers would have been added to these lists; however, since many of Plaintiffs' customers wished to remain anonymous during these proceedings, Plaintiffs did not submit their names to the bailiff's court for consideration in December, 2007. The January 8, 2008 decision of the bailiff's court of Randers specifically recognizes this fact and states: "[P]laintiffs have chosen not to name such customers to protect their privacy." Consequently, these customers were not listed as part of Appendices 1 and 2 to the January 8 decision. A true and accurate certified translation of the relevant portion of the court's decision adopting and incorporating **Exhibits A and B** is appended hereto as **Exhibit C**.

19. The bailiff's court of Randers did not deny any of the requests made by Plaintiffs during the December 7, 2007 hearing.

20. The Danish Action now proceeds to a civil court for a "confirmatory action" where Plaintiffs intend to seek even broader relief on a more permanent basis following the conclusion of expedited discovery in this matter.

21. In the meantime, the Danish police continue their investigation into Defendants' theft of Plaintiffs' proprietary and trade secret information. A true and accurate summary of the Danish proceedings prepared my law firm is appended hereto **Exhibit D**.

5

/s/ Lene Lange Gammelgaard
―――――――――――――――――――
Lene Lange Gammelgaard

861167v1

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SPECTRONIC DENMARK A/S, *et al.*,  )
                    Plaintiffs,  )
                    v.  )   No. 1:08-CV-00590 (PLF)
JIMMI M. HANSEN, *et al.*,  )
                    Defendants.  )

---

### DECLARATION OF LENE LANGE GAMMELGAARD

LENE LANGE GAMMELGAARD declares the following to be true under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am an attorney admitted to practice in Denmark. I am a member of the DELACOUR law firm, counsel to plaintiffs Spectronic Denmark A/S ("Spectronic"), DTC Communications, Inc. ("DTC") and Domo, Limited ("Domo") (collectively "Plaintiffs") in an action instituted against defendants Jimmi M. Hansen ("Hansen"), Henrik Klebaek ("Klebaek"), Kent Messerschmidt ("Messerschmidt") and Covidence A/S ("Covidence") (collectively "Defendants") on July 9, 2007 in Denmark (the "Danish Action"). As such, I am fully familiar with the facts and circumstances set forth herein.

2. Plaintiffs commenced the Danish Action in July, 2007 alleging that the three individual defendants violated Section 1 of the Danish Marketing Practices Act. Section 1 of the Danish Marketing Practices Act requires that all business persons "shall exercise good marketing practice with reference to consumers, other traders and public interests."

3. When Plaintiffs commenced the Danish Action in July, 2007, prior to submitting their proof, Plaintiffs' initial papers contained a request for preliminary and permanent injunctive relief enjoining Defendants from further violating Danish law by unfairly competing with Plaintiffs.

4. In Denmark, when a party seeks preliminary injunctive relief, the matter is referred to a "bailiff's court" before proceeding to a "civil court" for a full consideration of the entire case.

5. In the Danish Action, Plaintiffs' request for a preliminary injunction was referred to the bailiff's court of Randers. The bailiff's court of Randers did not grant the parties a hearing on the matter until December, 2007.

6. In the interim between Plaintiffs' filing of the Danish Action in July, 2007 and the hearing in December, 2007, Plaintiffs sought assurances that all of the customer, supplier, and end-user information discussed during the hearing would remain sealed and confidential. Not until 29 November 2007, only few days prior to the hearing in the beginning of December, 2007, Plaintiffs received such assurances from the bailiff's court.

7. After learning that the hearing (and all written material produced in connection therewith) might not remain sealed or confidential, many of Plaintiffs' largest and most important customers (including several government agencies in the United States) advised Plaintiffs that they preferred to conceal their identity and abstain from participating in the four day hearing to be held in December. This request was understandable given the highly secretive and confidential nature of the surveillance and security industry.

2

8. Many of Spectronic's customers and suppliers, however, agreed to the use of their names and information by Spectronic in connection with the hearing.

9. Specifically, 48 customers and seven suppliers of Plaintiffs agreed to be included in the proof at the hearing before the bailiff's court of Randers. Consequently, Plaintiffs submitted a list of 48 customers to the bailiff's court as "Bilag n.r. 1" and a list of seven suppliers as "Bilag n.r. 2" to the bailiff's court. True and accurate copies of these lists are appended hereto as **Exhibits A** and **B**, respectively.

10. Plaintiffs requested that the bailiff's court issue a preliminary injunction enjoining Defendants from having any direct or indirect business contact with any of the 48 customers listed in **Exhibit A**.

11. Plaintiffs further requested that the bailiff's court enjoin the Defendants from having any contact with the seven suppliers listed in **Exhibit B**.

12. After a four day hearing in December, 2007, the bailiff's court granted Plaintiffs' request in its entirety and enjoined Plaintiffs from working with any of the entities identified in the only two lists provided to the bailiff's court by Plaintiffs.

13. Specifically, the court enjoined Defendants from doing any business, directly or indirectly with the following customers: Adaptive Digital Systems; Andyteh Concept Srl; ATEK Pty Ltd.; Audio and Acoustics; Avex B. V.; Baewoon Company Ltd.; Beling d.o.o., Elect Eng.; Brimtek Inc.; BSS PREKYBA, UAB; Carinex Ltd.; Colvista Ltda.; Comercializadora White; DTC Communications, Inc.; Dyplex Communications Ltd.; Excellence Tech; FGH Security; Findme Solutions; Fotovideo De Colombia S.A.; Frassini company BVBA; G&R Ltd.;

3

Gamma TSE Ltd.; Gans & Pugh Associates Inc.; Gecomse s.a.; Griff Comm Ltd.; GS VBS; C Technologie; Komcentra s.r.o.; LongHope Anhua Police; Manifest Marketing Ltd.; Mass International Ltd; Metco; Microtec Sicherheitstech. GmbH; MIS; Moseco; MOTEC Sdn. Bhd.; New Springs Co., LTD; Parinto cc; PAZ Logistics Ltd.; PT Satria Jaya Abadi; RA.SE.T s.r.l; Raytheon; SAGA D.O.O.; Shanghai Unitech Ltd.; ST Electronics; VASTech; Viper (Thai) Co. Ltd.; Wonda Group (Asia) Limited; Xlefeng Technology Co. Ltd.; and XTEK LTD.

14. Seven of the above listed 48 customers are American companies with actual brick-and-mortar physical presences in the United States, including: Adaptive Digital Systems (20322 South West Acadia, Newport Beach, California 92660); Brimtek Inc. (43720 Trade Center Place, Suite 60, Dulles, Virginia 20166); Comercializadora White (172 Lynn Loop, Laredo, Texas 78045); DTC Communications, Inc. (486 Amherst Street, Nashua, New Hampshire 03063); Gans & Pugh Associates Inc. (690 Center Street, Suite 201, Herndon, Virginia 20170); and Raytheon (7700 Arlington Boulevard, Falls Church, Virginia 22042).

15. The bailiff's court further enjoined Defendants from "working with," either "directly or indirectly," the following suppliers of Spectronic: QM-tech maskinfabrik Apsl; Elsy spol s.r.o.; Jiri Kremar; ETK Electronik A/S; MiTek Electronics; Michael G. Mosevangen; GPV Danprint A/S; and Homatic A/S.

16. Additional customers and suppliers would have been added to these lists; however, since many of Plaintiffs' customers wished to remain anonymous during these proceedings, Plaintiffs did not submit their names to the bailiff's court for consideration in December, 2007. The January 8, 2008 decision of the bailiff's court of Randers specifically recognizes this fact and states: "[P]laintiffs have chosen not to name such customers to protect

4

their privacy." Consequently, these customers were not listed as part of Appendices 1 and 2 to the January 8 decision. A true and accurate certified translation of the relevant portion of the court's decision adopting and incorporating **Exhibits A** and **B** is appended hereto as **Exhibit C**.

17. The Danish Action now proceeds to a civil court for a "confirmatory action" where Plaintiffs intend to seek even broader relief on a more permanent basis following the conclusion of expedited discovery in this matter.

18. Spectronic has filed a report with the Danish police regarding the Defendants' actions. A true and accurate summary of the Danish proceedings prepared by my law firm is appended hereto as **Exhibit D**.

_____
Lene Lange Gammelgaard

864094

5