IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SPECTRONIC DENMARK A/S, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:08-CV-00590 (PLF) |
| v. | ) ) ) | |
| JIMMI M. HANSEN, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF
DISMISSAL PURSUANT TO FED. R. OF CIV. PRO. 41(a)(1)(i)**

The parties appeared before the Court on April 22, 2008 for a hearing on Plaintiffs' motion for either a temporary restraining order ("TRO") or preliminary injunction. At this hearing, it was abundantly clear that Plaintiffs had no legal or factual basis for their claims, and did not even have an arguable basis for asserting subject-matter jurisdiction in this Court. Plaintiffs also selectively advised the Court of the status of ongoing parallel proceedings in Denmark, with Plaintiffs failing to advise the Court that they had sought in Denmark, and been denied, the non-competition relief plaintiffs sought in this action. The Court denied Plaintiffs' motion from the bench.

In the aftermath of the TRO/preliminary injunction hearing, the parties agreed on a briefing schedule for Defendants' motion for sanctions. Plaintiffs filed their opposition to Defendants' sanctions motion on May 16, 2008. That opposition included what purported to be a declaration from Lene Lange Gammelgaard, Plaintiffs' Danish counsel, concerning the status of the Danish proceedings, with Plaintiffs relying on the Gammelgaard declaration to argue that

they had not misled the Court concerning the Danish proceeding. After investigation, Defendants' counsel learned that Ms. Gammelgaard knew nothing about a purported declaration filed in her name. When Defendants' counsel brought this to the attention of Plaintiffs' counsel, Plaintiffs procured a signed declaration from Ms. Gammelgaard while concealing (until directly asked) that Plaintiffs had not had a signed Gammelgaard declaration in their possession when they filed their sanctions opposition. Importantly, the declaration that Ms. Gammelgaard was actually willing to sign differed significantly from the "Gammelgaard declaration" Plaintiffs had previously filed without Ms. Gammelgaard's authority. These changes to the Gammelgaard declaration confirm that Plaintiffs' description of the Danish proceedings in this Court were selective and even deceitful.

On August 11, 2008, Plaintiffs filed a notice of dismissal of their claims against Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1). While that it their right, it does not provide Plaintiffs with an escape hatch from Defendants' sanctions motion, as a motion for sanctions is not mooted by a voluntary dismissal of the case. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).[1] Therefore, the Court should impose sanctions on Plaintiffs irrespective of Plaintiffs' voluntary dismissal of this action.

Indeed, Plaintiffs' voluntary dismissal demonstrates why sanctions are appropriate here. Plaintiffs filed their claims, with no legal or factual basis, in a Court lacking subject-matter jurisdiction, with no intention of litigating their claims in this forum. This was an attempt to bully a smaller, fledgling competitor, from seeking to compete in the United States market by leaving Defendants with the choice of forgoing the marketing of their products in the United

---

[1] The fact that Plaintiffs had no conceivable basis for invoking the subject-matter jurisdiction of this Court also does not prevent the imposition of sanctions, as a court's power to impose sanctions exists even with respect to conduct in cases where the court lacks subject-matter jurisdiction over the action. *Willy v. Coastal Corp.*, 503 U.S. 131, 136 (1992)

States or incurring tens of thousands of dollars in legal fees fighting off a frivolous lawsuit as a precondition of entering the United States market.  Once Defendants incurred those legal fees, Plaintiffs have simply dismissed their claims, having "prevailed" in inflicting litigation costs on their fledgling business rival.

Moreover, this is the second time that Plaintiffs have asserted the claims brought in this action in a United States court.  Plaintiffs previously filed nearly identical claims in the U.S. District Court for the Western District of Pennsylvania in 2007, with that case being dismissed based on lack of personal jurisdiction over the Defendants.  *See* Or. of July 20, 2007, *Spectronic Denmark A/S v. Hansen*, No. 07-983 (W.D. Pa.).  Thus, Plaintiffs have filed two baseless federal court actions against Defendants – absent imposition of sanctions here, Plaintiffs could very well repeat their conduct, in their continuing effort to impose business costs on their competitor through frivolous litigation.

Respectfully submitted,

*/s/  John F. O'Connor*
_____
Steven K. Davidson (D.D.C. Bar No. 407137)
John F. O'Connor (D.D.C. Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
sdavidson@steptoe.com
joconnor@steptoe.com

*Attorneys for Defendants*