IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPECTRONIC DENMARK A/S, *et al.*,

Plaintiffs,

v.

JIMMI M. HANSEN, *et al.*,

Defendants.

No. 1:08-CV-00590 (PLF)

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF DISMISSAL PURSUANT TO FED. R. OF CIV. PRO 41(a)(1)(i)**

Plaintiffs respectfully object to the document submitted at Docket Number 28 styled "Defendants' Response to Plaintiffs' Notice of Dismissal Pursuant to Fed. R. of Civ. Pro. 41(a)(1)(i) (the "Response")." This filing serves no purpose other than to reargue points previously submitted to this Court and to improperly impugn Plaintiffs and their counsel. Plaintiffs request the Court to disregard it in its entirety.

## I. PLAINTIFFS DISMISSED THIS ACTION BECAUSE THIS COURT NO LONGER HAS PERSONAL JURISDICTION OVER DEFENDANTS.

This Court no longer has personal jurisdiction over Defendants. Plaintiffs have thus properly dismissed this action pursuant to Federal Rules of Civil Procedure Rule 41(a)(i). Plaintiffs have never dismissed any action against Defendants in any court prior to their August 11, 2008 Rule 41(a)(i) Notice.

In April, 2008, this Court had personal jurisdiction over Defendants. Defendants registered for and attended the "GovSec, U.S. Law and Ready Exposition" from April 23-24, 2008 in Washington, D.C. At that time, Plaintiffs asserted, in good faith, that Defendants were intentionally misrepresenting Plaintiffs' ability to provide certain goods and services in this jurisdiction. Plaintiffs asserted that Defendants were using their status as Plaintiffs' former high

level fiduciaries to lend credibility to their assertions regarding Plaintiffs in violation of Section 43(a) of the Lanham Act. Under those circumstances, Plaintiffs alleged that this Court had both subject matter jurisdiction and personal jurisdiction over Defendants.

As Plaintiffs' counsel acknowledged during the colloquy held before the Court on April 22, 2008, regardless of the outcome of the motion for a preliminary injunction, Plaintiffs had the burden of demonstrating this Court's personal jurisdiction over Defendants following the conclusion of the April 23-24, 2008 Exposition in Washington, D.C. As of August 11, 2008, Plaintiffs lacked specific evidence in admissible form sufficient to demonstrate continued minimum contacts with this forum. The action was thus terminated by Plaintiffs. This termination in no way evidences "bad faith" by Plaintiffs. To the contrary, it demonstrates Plaintiffs will not litigate legitimate claims against Defendants in a forum lacking jurisdiction.

## II. PLAINTIFFS' DANISH COUNSEL CONFIRMED THE ACCURACY OF PLAINTIFFS' CLAIMS IN THIS ACTION.

Defendants' "Response" to Plaintiffs' Rule 41 Notice contains additional *ad hominem* attacks on Plaintiffs and their counsel in a further attempt to convince the Court that Plaintiffs misled the Court. These unfortunate attacks lack any merit and should be disregarded in their entirety.

First, Plaintiffs never claimed that an injunction issued by the bailiff's court of Randers in Denmark on January 8, 2008 (the "Danish injunction") prevented Defendants from competing with Plaintiffs. This action was not based on the Danish injunction. Rather, Plaintiffs sought to prevent Defendants from harming Plaintiffs by making deliberate misstatements about Plaintiffs' ability to compete in violation of federal law in this jurisdiction.

Plaintiffs alerted the Court to the Danish injunction for two reasons. First, the injunction indicates the existence of a protectable interest belonging to Plaintiffs meriting judicial protection. Second, Plaintiffs believed that Defendants intended to "work with," either "directly or indirectly," certain customers and suppliers of Plaintiffs subject to the injunction. Plaintiffs never exaggerated the scope of the injunction. The Declaration of Lene Lang Gammelgaard (filed at Docket Number 25-3) and its attachments shows that the Danish injunction covers 48 separate customers and seven suppliers of Plaintiffs, seven of whom are American companies. The Affidavit of Christian T. Moestrup (filed at Docket Number 20-2) demonstrates that a major customer of Plaintiffs, Raytheon, was included in the injunction and sets forth Plaintiffs' belief that Defendants intended to "work with," either "directly or indirectly," Raytheon in Washington, D.C. Plaintiffs correctly noted that Defendants' work with Raytheon would violate the Danish injunction. All of these assertions are true and none of them is disputed. Regardless of whether such assertions suffice to demonstrate subject matter jurisdiction in the context of Plaintiffs' other claims, Plaintiffs' accurate statements concerning the Danish injunction do not constitute attempts to "mislead" or "intentionally deceive" the Court.

The claim by Defendants that Ms. Gammelgaard's signed declaration confirms that Plaintiffs misled the Court about the Danish injunction is meritless. The signed declaration at Docket 25-3 shows that Plaintiff submitted lists of 48 customers and seven suppliers to the Danish court in December, 2007 and explains that other customers and supplies of Plaintiffs' preferred to remain unnamed during the December, 2007 proceedings. Ms. Gammelgaard confirms that the bailiff's court enjoined Defendants from doing business with every customer and supplier on the lists supplied by Plaintiffs to the bailiff's court. Plaintiffs never claimed that the injunction covered more entities than those indentified on the lists submitted by Plaintiffs.

Any suggestion to the contrary is simply a mischaracterization of Plaintiffs' arguments before this Court.

## III. CONCLUSION

Defendants' "Response" should be disregarded in its entirety. Plaintiffs' one and only voluntary dismissal of claims against Defendants was necessary and proper under Rule 41. Defendants have failed to meet their burden of establishing, by clear and convincing evidence, that Plaintiffs proceeded in bad faith. Plaintiffs sought, in good faith, to prevent Defendants from harming Plaintiffs' protectable interests in this forum between April 23-24, 2008. At that time, Plaintiffs put forth good faith assertions of both subject matter jurisdiction and personal jurisdiction. It is now clear that this Court lacks personal jurisdiction. Plaintiffs, therefore, respectfully request an Order denying Defendants' motion for sanctions and terminating this action.

Dated: August 14, 2008
Buffalo, New York

**JAECKLE FLEISCHMANN & MUGEL, LLP**

By: ______________________
B. Kevin Burke, Jr.
12 Fountain Plaza
Buffalo, New York 14202
Telephone: 716.856.0600
Facsimile: 716.856.0432

**McKOOL SMITH LLP**
Michael G. McManus (Bar No. 493422)
1700 K Street, NW
Suite 740
Washington, D.C. 20006
Telephone: 202.370.8301
Facsimile: 202.370.8344

*Attorneys for Plaintiffs Spectronic Denmark A/S, DTC COMMUNICATIONS, INC., and DOMO, LTD.*